(88 South. 692)

No. 24235.

BROWN v. SMITH.

(May 2, 1921. Rehearing Denied May 30, 1921.)

*(Syllabus by Editorial Staff.)*

**Assault and battery** &⟶35—**Evidence held to warrant finding for defendant in action for assault.**

In an action for damages for assaulting and shooting plaintiff with a pistol, evidence *held* to sustain a judgment for defendant.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by Liston Brown against James L. Smith. Judgment for defendant, and plaintiff appeals. Affirmed.

Ellis & Ellis, of Amite City, for appellant.

George Wesley Smith and Zack T. Heard, both of Rayville, for appellee.

PROVOSTY, J. Plaintiff sues defendant in damages for having shot him with a pistol.

Plaintiff, who lived at defendant's house, was seated on the front gallery, waiting for defendant's daughter Rosie to get ready for going out riding with him in his buggy. He says that, hearing defendant abusing and cursing him in the back yard, all about a seine they had owned in common, defendant's interest in which defendant had sold to him a few days before, he walked through the hall to the back porch to remonstrate with defendant, whereupon defendant drew a pocketknife and threatened to kill him, and, as he backed into the hall, defendant went to his sleeping room to get a gun, announcing that he was going to kill him; that just then he noticed the barrel of a gun poked out of the door of a room, where he knew that defendant's 18 year old son, with whom he was on bad terms, was or had been a few moments before, in bed with fever; that he grabbed this protruding gun barrel, and that while struggling with the young man, and also with defendant's daughter Maggie, for the possession of this gun, he managed to empty its magazine of its shells, in order that the weapon might not be used against him; and that while this scuffling was still going on defendant shot him. He is uncorroborated.

The other side of the story, as established by the testimony of defendant, his wife, his son, and daughter Maggie, is that defendant and his wife were to go out that day to spend the day at the house of a son of theirs, and that defendant suggested to his wife that their daughter Rosie, instead of going out with plaintiff, should stay at home to mind the children; however, that he had consented at the request of his wife and of his daughter Maggie that Rosie should go with plaintiff, and had walked to the back yard on his way to gather some roasting ears to take to the son whom they were to visit, when plaintiff, who had overheard the conversation about Rosie's having to stay at

home, and had become violently angry at it, walked through the hall to the back porch, rolling up his sleeves as if to administer a drubbing to defendant, who was a smaller man and was 57, while plaintiff was 30; and that an altercation ensued, and that defendant's daughter Maggie caught hold of plaintiff and clung to him, while he went first to the door of the room where Rosie was, and, that door being slammed and bolted against him, went into the room where the son was lying in bed and that, as he was about to take hold of a gun which stood at the head of the bed, the son grabbed the gun through the open work headboard of the bed, and a struggle ensued for the possession of the gun, during which the contestants got into the hall; that plaintiff then cast the son and Maggie aside, and raised the gun to his shoulder, and would have shot defendant, if defendant's wife had not been in the way; and that at that moment defendant, who in the meantime had got his pistol, fired the shot complained of.

The learned trial judge found against plaintiff.

Judgment affirmed.